UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KENT ANTHONY KRUEGER,** § | |
| TDCJ No. 01035366, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL NO. SA-24-CV-0417-FB |
| § | |
| **ERIC GUERRERO, Director,** § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Kent Anthony Krueger's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12) and respondent Eric Guerrero's Answer (ECF No. 28) thereto.[1] In his § 2254 petition, petitioner challenges the constitutionality of his parole revocation in December 2016, arguing, among other things, that: (1) the revocation was based on fabricated evidence, (2) the revocation constituted a breach of contract, (3) there was insufficient evidence to warrant a revocation, and (4) his counsel at the revocation hearing rendered ineffective assistance. In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed

---

[1] Also before the Court are the numerous pleadings filed by petitioner in support of his amended federal habeas petition. (ECF Nos. 15, 18, 21, 23, and 25).

below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In November 2004, petitioner pleaded guilty in Comal County to one count of retaliation for threatening a public servant (enhanced) and was sentenced to forty years of imprisonment. *State v. Krueger*, No. CR2004-268 (22nd Dist. Ct., Comal Cnty., Tex. Nov. 4, 2004); (ECF No. 29-3 at 55-56). A history of any appeal proceedings from this conviction is unnecessary because petitioner is not challenging his conviction and sentence. Rather, petitioner challenges the decision of the Texas Board of Pardons and Paroles (BPP) to revoke his parole on December 20, 2016.[2]

Petitioner first challenged the BPP's 2016 decision to revoke his parole in a state habeas corpus application filed on September 11, 2022. *Ex parte Krueger*, No. 26,708-26 (Tex. Crim. App.); (ECF No. 29-105 at 3; 29-106 at 7). The Texas Court of Criminal Appeals ultimately dismissed this application as successive on January 4, 2023, citing Article 11.07, Section 4 of the Texas Code of Criminal Procedure. (ECF No. 29-109). Petitioner's next state habeas corpus application challenging the BPP's decision to revoke his parole was filed on February 24, 2023. *Ex parte Krueger*, No. 26,708-27 (Tex. Crim. App.); (ECF No. 29-111 at 7). The Texas Court of Criminal Appeals denied this application without written order on September 6, 2023. (ECF No. 29-122). Two weeks later, petitioner filed his third state habeas application challenging his parole revocation. *Ex parte Krueger*, No. 26,708-28 (Tex. Crim. App.); (ECF No. 29-125 at 28). The

---

[2] Neither party has provided relevant parole documents affirmatively establishing the date of petitioner's parole revocation. While petitioner has provided several documents of dubious relevance in support of his allegations, respondent has submitted the entire written record of petitioner's state trial, appellate, and 28 habeas corpus proceedings, the vast majority of which have nothing to do with the 2016 parole revocation now before this Court. (ECF No. 29-1 through 29-128). Because both parties appear to stipulate that the revocation hearing took place December 20, 2016, however, the Court will do so as well.

Texas Court of Criminal Appeals dismissed this application as a successive writ on December 20, 2023. (ECF No. 29-127).

Thereafter, petitioner placed his original federal habeas corpus petition in the prison mail system on January 20, 2024. (ECF No. 1 at 36). In that § 2254 petition, petitioner sought to challenge the constitutionality of his 2004 state court conviction for retaliation for which he was sentenced to forty years of imprisonment. Because petitioner also appeared to raise challenges to the revocation of his parole in December 2016 and the denial of parole in December 2020, the Court severed petitioner's § 2254 petition and opened two new cases—the instant case and one for his December 2020 parole denial claims.[3] *See also Krueger v. Guerrero*, No. 5:24-cv-0418-FB (W.D. Tex.). Petitioner filed an amended § 2254 petition regarding the December 2016 parole revocation on July 19, 2024. (ECF No. 12). This proceeding now follows.

## II.  Analysis

**A.    The Statute of Limitations**

Respondent contends the allegations raised in petitioner's amended federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). In this proceeding, petitioner is challenging the BPP's decision to revoke his parole in December 2016. Because petitioner contests the results of a state administrative proceeding regarding parole, § 2244(d)(1)(D) applies. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) ("Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions.") (citations omitted). Under that section, the limitation period commences on the date the "factual predicate of the claim or claims could have

---

[3]    The Court dismissed petitioner's claims concerning his 2004 conviction for lack of jurisdiction, as petitioner had not obtained prior approval to file a successive habeas petition challenging his conviction. *See Krueger v. Lumpkin*, No. 5:24-cv-0396-FB (W.D. Tex.).

been discovered through the exercise of due diligence." *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998).

In this case, petitioner could have discovered, through the exercise of due diligence, the legal if not the factual basis of his claims on December 20, 2016, the date the BPP revoked his release to parole. As a result, the limitations period under § 2244(d) for challenging the parole revocation in a federal habeas petition began to run on that date and expired a year later on December 20, 2017. Because petitioner did not file his original § 2254 petition until January 20, 2024—over six years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

    1.    <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). To start, the instant petition does not concern petitioner's underlying judgment, and there has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(A)-(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, nor is there any indication or argument from petitioner that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did eventually challenge the revocation of his parole in three applications for state post-conviction relief, the first

of which was filed in September 2022. (ECF No. 29-106 at 7). But as discussed previously, petitioner's limitations period for filing a federal petition expired in December 2017. Because the state habeas applications challenging his parole revocation were all filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing § 2244(d)(2))). Thus, the instant § 2254 petition, filed January 20, 2024, is still over six years late.

    2.    <u>Equitable Tolling</u>

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to respondent's Answer asserting untimeliness, and his numerous pleadings, including his amended § 2254 petition, provide no argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, petitioner has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also*

*Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's parole was revoked in December 2016, yet he did not execute a state habeas corpus application challenging the revocation until September 2022, almost six years later. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *see also North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Further, petitioner fails to provide any legitimate argument establishing that his claims could not have been discovered and presented to this Court earlier.

Because petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

**B.     Petitioner's State Habeas Proceeding**

Throughout his various pleadings, petitioner also appears to challenge the decision of the Texas Court of Criminal Appeals to deny his state habeas applications, arguing that the court did so without the state habeas trial court ever holding an evidentiary hearing. Such alleged errors or irregularities occurring in state habeas proceedings do not raise cognizable claims for federal habeas relief. *See Henderson v. Stephens*, 791 F.3d 567, 578 (5th Cir. 2015) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas corpus relief"); *Ladd v. Stevens*, 748 F.3d 637, 644 (5th Cir. 2014) (same). This is because an attack on the validity of a state habeas corpus proceeding does not impact the validity of the underlying state criminal conviction. *See Rudd v.*

*Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (reiterating that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted). For this reason, to the extent petitioner challenges the lack of a hearing during his state habeas corpus proceedings, such arguments do not furnish a basis for federal habeas corpus relief.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). A COA should issue if the petitioner *not only* shows that the lower court's procedural

ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Here, the one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner provided no reasonable justification for missing the filing deadline by over six years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief, and a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that the claims raised in petitioner's amended § 2254 petition (ECF No. 12) are either barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d) or do not raise a cognizable claim for relief. As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and petitioner Kent Anthony Krueger's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 7th day of March, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE